UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHITH XAYAPHET,

    Petitioner,

v.                                                                                   CASE NO:  8:06-CV-1407-T-30TGW
                                                                                                 Crim. Case No: 8:05-CR-485-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

       THIS CAUSE comes before the Court upon Petitioner's "Motion to Appeal District Court's Decision Based Upon Counsel's Failure to Appeal Upon Request" (CV Dkt. #1), which this Court has treated as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255.  In support of the motion, Petitioner claims that he informed his counsel on the day of sentencing that he wanted to appeal his conviction and his counsel failed to do so.  Further, he asserts that his attorney promised him that he would be sentenced to no more than three years if he pleaded guilty, and that he would not have pled guilty had he known he would get more than three years.

       In light of Petitioner's claims, this Court held an evidentiary hearing on October 26, 2006, to determine whether Petitioner asked his counsel to appeal within the ten day notice of appeal period.  Testimony was taken from Petitioner and his former counsel, Pedro Amador.  After making the factual determination that Petitioner did not request his counsel

to file an appeal and after review of the prior criminal proceedings, it is clear that Petitioner is entitled to no relief and the Court needs no response from Respondent.

At the evidentiary hearing, the Court made a finding of fact that the Petitioner did not request his attorney to file an appeal. Instead, he decided not to appeal hoping to obtain a Rule 35 motion through the cooperation of a friend. Petitioner knew that the Government would not file a Rule 35 motion if he appealed his sentence.

Petitioner's claim that his attorney promised him he would not be sentenced to more than three years is belied by the statements he made during the guilty plea hearing in response to the questions of the Magistrate Judge. Petitioner entered his guilty plea in open Court on December 20, 2005, in front of Magistrate Thomas G. Wilson, during which he gave the following answers to the Magistrate's questions:

> THE COURT: These offenses fall under the federal sentencing guidelines. Have you had a chance to discuss, at least, in general the sentencing guidelines with your lawyer?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you understand that the object of the sentencing guidelines to come up with a guideline range, which is a range of months? Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And I imagine your lawyer has told you -- but I will repeat it anyway -- that at this point, the guidelines are no longer mandatory and bindings. They're advisory, but the Court must consult the guidelines and take them into account in determining the sentence.

       Do you understand that's the present status of the guidelines?

THE DEFENDANT: Yes.

THE COURT: I will also tell you that at this point, no one connected with the Court has yet calculated the guideline range in your case. That step in the process has not yet been reached.

       So that if your lawyers or somebody else have given you an idea what they think the guideline range will be, at this point, it's only an estimate. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And if at the time of sentencing, the sentencing guideline range or your sentence turns out to be less favorable than you hoped, you would not have a right to withdraw your plea of guilty. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you have any question about that?

THE DEFENDANT: No.

THE COURT: I will tell you that in some circumstances the Court can go above the sentencing guidelines; and in other circumstances can go below the sentencing guidelines. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: I will also inform you that in the federal system parole has been abolished so that you cannot be released early from prison on parole. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Are you pleading guilty freely and voluntarily?

| | |
|---|---|
| THE DEFENDANT: | Yes. |
| THE COURT: | Has anyone forced you to plea guilty? |
| THE DEFENDANT: | No. |
| THE COURT: | Has anyone promised you anything in order to get you to plead guilty? |
| THE DEFENDANT: | No. |

Guilty plea hearing transcript, pages 29-31 (CR Dkt. #26).

Given Petitioner's statements, under oath, during his guilty plea hearing, the Court finds Petitioner's assertion that he was promised a sentence less than three years to be unworthy of belief. A defendant's statements in open Court are presumed to be true. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). Therefore, Petitioner's §2255 motion will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Appeal District Court's Decision Based Upon Counsel's Failure to Appeal Upon Request (CV Dkt. #1), which this Court has treated as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255, is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at CR Dkt.#24, in the underlying criminal case, case number 8:05-CR-485-T-30TGW.

**DONE** and **ORDERED** in Tampa, Florida on November 1, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2006\06-cv-1407.deny 2255.wpd